UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
(609) 989-2009

**NOT FOR PUBLICATION**

September 14, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record

Re:  *Irene H. Lin v. Neuner & Ventura LLP*
     Civil Action No. 17-732 (MAS)

Dear Counsel:

This matter comes before the Court on Appellant Irene H. Lin's ("Appellant" or "Debtor") appeal from the Bankruptcy Court's Order dated January 27, 2017 ("Fee Award"), granting Appellee Barry R. Sharer's ("Appellee" or "Trustee") motion for attorneys' fees and costs associated with the underlying Chapter 7 proceedings. (Notice of Appeal, ECF No. 1.) In opposition, Trustee filed a motion for sanctions and imposition of pre-filing requirements upon Debtor's counsel, Jay J. Lin, Esq., pursuant to 28 U.S.C. § 1927 and Rule 8020(a) of the Federal Rules of Bankruptcy Procedure ("Rule 8020(a)"). (ECF Nos. 6, 7.) Debtor filed a cross-motion for sanctions (ECF No. 8), and Trustee replied (ECF No. 9). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Debtor's appeal of the Bankruptcy Court's Order, grants Trustee's motion for sanctions, denies without prejudice Trustee's motion to impose pre-filing requirements, and denies Debtor's cross-motion for sanctions.

**I.   Legal Standard**

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a) (2010). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (Bankr. D.N.J. 2005). Findings of fact are reviewed under a clearly erroneous standard, where factual findings may only be overturned "when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (citation omitted)). Legal conclusions, on the other hand, are subject to *de novo*, or plenary, review by the district court. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, the district court inquiry is limited to whether the bankruptcy court's decision rests upon "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *See In re Nutraquest, Inc.*, 434 F.3d 639, 645 (3d Cir. 2006); *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

## II. Discussion

### A. Bankruptcy Appeal

The issue on appeal is whether the Bankruptcy Court abused its discretion in granting the Trustee's motion for attorneys' fees and costs associated with the underlying Chapter 7 bankruptcy. (Debtor's Moving Br. 1, ECF No. 4-1.) Debtor argues that the Bankruptcy Court abused its discretion in granting the Fee Award because the Bankruptcy Court: (1) "erred in allowing the Trustee and his attorneys to commit thefts and corruptions in prosecuting this case"; (2) "erred in allowing the Trustee and his attorneys to profit from defending thefts and corruptions in this case"; (3) "erred in allowing the Trustee and his attorneys to benefit from the fruits of the poison [sic] tree [because] all the fees and costs . . . directly resulted from their warrantless searches and seizures against the petitioner"; and (4) "erred in failing to investigate the alleged thefts and corruptions and to withhold its ruling until the alleged thefts and corruptions can be reported to the U.S. Attorney's office." (*Id.* at 2-5.) In opposition, Trustee argues that Debtor did not raise a "specific objection to any time entries or expenses, nor any objection material to the issues presented." (Trustee's Opp'n Br. 2-3, ECF No. 7.)

The Third Circuit has consistently recognized that "an appeals court will not consider issues not raised in the court below." *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 212 (3d Cir. 1995) (quoting *Trailways Lines, Inc. v. Trailways, Inc. Joint Council of Amalgamated Transit Union*, 785 F.2d 101, 104 n.2 (3d Cir. 1986)); *see also In re Elian*, No. 15-242, 2015 WL 5164796, at *5 n.5 (D.N.J. Sept. 2, 2015) (quoting *United States v. Dell'Aquilla*, 150 F.3d 329, 334-35 (3d Cir. 1998)) ("[A]bsent exceptional circumstances, an issue not raised in [bankruptcy] court will not be heard on appeal."). Here, Debtor's appeal raises similar allegations raised in the Bankruptcy Court. On appeal, Debtor argues that the Bankruptcy Court abused its discretion in granting "fees and costs to Attorneys for Trustee." (Debtor's Moving Br. 2.) Before the Bankruptcy Court, Debtor raised a series of allegations that the Bankruptcy Court addressed, noting "frivolous filings by Mr. Lin" and his continued unsupported allegations. (Bankr. D.N.J. Jan. 26, 2017 Tr. 2:1-25 to 3:1-17, ECF. No. 4-2.) In Debtor's opposition to the motion authorizing the Fee Award, however, Debtor did not raise a specific objection to any of the time entries or expenses associated with the motion. Similarly, before this Court, Debtor does not raise a specific objection to any of the time entries or expenses associated with the Fee Award.[1] Thus, notwithstanding the unsupported allegations, Debtor's arguments do not discuss in what manner the Bankruptcy Court erred. Accordingly, the Court finds that the Bankruptcy Court's decision was within its discretionary authority, and denies Debtor's appeal of the Fee Award.

### B. Imposition of Sanctions Pursuant to 28 U.S.C. § 1927

Trustee moves for sanctions upon Debtor's counsel, pursuant to 28 U.S.C. § 1927 and Rule 8020(a). (Trustee's Opp'n Br. 16-27.) Under 28 U.S.C. § 1927, "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case

---

[1] The Court notes that Debtor's appeal from the Bankruptcy Court is wholly deficient. Debtor's submission is void of any discussion of legal authority related to the motion, and merely states a recitation of facts and conclusory allegations.

2

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions pursuant to Section 1927, a court must find that an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prosser*, 777 F.3d 155, 162 (3d Cir. 2015) (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002)). Further, "[a] court imposing [Section] 1927 sanctions must find bad faith, but that finding need not be made explicitly." *Id.* (citing *In re Prudential*, 278 F.3d at 189) ("An implicit finding of bad faith will support sanctions just as well so long as it is not an abuse of discretion, not based upon clearly erroneous factual findings, and not based upon an error of law.").

Here, Debtor's attorney has filed numerous appeals regarding his client's bankruptcy proceedings,[2] and, due to procedural defects in the appeals, the reviewing courts have often imposed sanctions or affirmed the imposition of sanctions upon Debtor's attorney pursuant to Section 1927 and Rule 8020(a) for raising arguments on appeal that were not raised below.[3] Moreover, in spite of receiving clear admonitions in several decisions, Debtor's counsel still raised issues in the appeal in this case that he failed to raise before the Bankruptcy Court. Despite the decisions on Debtor's prior appeals that addressed the procedural requirements for appeals, and the Court's instruction not to raise unsubstantiated and frivolous arguments, Debtor's attorney has yet again acted in bad faith by filing an appeal that advances meritless claims. The Court, therefore, finds that Debtor's counsel has acted in bad faith by continuing to file meritless appeals. *See In re Prudential*, 278 F.3d at 178 (stating that "[i]ndications of . . . bad faith are findings that the claims advanced were meritless, that counsel knew or should have known" that the claims lacked merit). Even though the Court recognizes that a "court[] should exercise [its] sanctioning power only in instances of serious and studied disregard for the orderly process of justice," the Court finds, in light of previous holdings, that sanctions against Debtor's attorney are warranted. *In re Prosser*, 777 F.3d at 161 (quoting *LaSalle Nat'l Bank v. First Conn. Holding Grp. LLC*, 287 F.3d 279, 288 (3d Cir. 2002)).

---

[2] The appeals were dismissed for failure to follow applicable rules of procedure, including: failure to file an appeal and appealable order within the applicable time limits (*Lin v. Sharer*, No. 15-1335, 2015 WL 6687997, at *2-3 (D.N.J. Oct. 30, 2015)); failure to file within the applicable time limits (*In re Lin*, No. 14-5230, 2015 WL 1736500, at *8); and failure to demonstrate jurisdiction (*Lin v. Sharer*, No. 14-1819, 2014 U.S. Dist. LEXIS 192222, at *1 (D.N.J. Oct. 10, 2014)).

[3] *See In re Lin*, No. 15-8232, 2016 WL 3951671, at *2-8 (D.N.J. July 21, 2016) (affirming the bankruptcy court's order imposing sanctions upon Debtor's attorney); *In re Lin*, 2015 WL 1736500, at *7 (affirming the bankruptcy court's order imposing sanctions upon Debtor's attorney); *In re Lin*, 2015 WL 6687997, at *3 (granting fees to Trustee). The total number of sanctions does not include Debtor's counsel's appeal to the Third Circuit of the Court's April 16, 2015 Order imposing sanctions. *In re Lin*, 647 F. App'x 107, 107-08 (3d Cir. 2016).

### C. Imposition of Sanctions Pursuant to Rule 8020(a)

Rule 8020(a) provides that "[i]f the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a). Here, as discussed above, the Court finds that Debtor's attorney knew or should have known that if he were to raise claims in Debtor's appeal that were not previously raised in the lower court, those claims would be dismissed. Debtor's counsel, however, not only continued to assert arguments not previously raised in the Bankruptcy Court but continues to file meritless appeals. This reflects that Debtor's attorney, who has been sanctioned by the Court for similar conduct, has continued his wayward course of conduct. The Court, therefore, finds that sanctions are warranted.[4]

### D. Imposition of Pre-filing Requirements Pursuant to the All Writs Act

Based on Debtor and Debtor's counsel's history of prior appeals and continued filing of "groundless and repetitive appeals of decisions below without regard for legal or factual merit and without following proper procedure[,]" Trustee argues that the Court should enter an order imposing pre-filing requirements upon Debtor's Counsel and Debtor. (Trustee's Moving Br. 21, 26.) Specifically, Trustee argues that "neither notice of the legal and procedural requirements, nor repeated imposition of sanctions have deterred" Debtor and Mr. Lin. (*Id.* at 22.) "The All Writs Act, 28 U.S.C. § 1651, gives district courts power, *inter alia*, to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated." *In re Packer Ave. Assocs.*, 884 F.2d 745, 746 (3d Cir. 1989) (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir.1982)); *see Perry v. Gold & Laine, P.C.*, 371 F. Supp. 2d 622, 631 n.5 (D.N.J. 2005). "[A] continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court." *In re Oliver*, 682 F.2d at 446. The injunction, however, should only apply to frivolous or meritless claims, not legitimate claims. *In re Packer Ave. Assocs.*, 884 F.2d at 747; *In re Oliver*, 682 F.2d at 446 (noting that "[a]ccess to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be"). At this juncture, the Court declines to impose a pre-filing requirement.

### III. Conclusion

For the foregoing reasons, the Court denies Debtor's appeal of the Fee Award, grants Trustee's motion for sanctions, denies without prejudice Trustee's motion to impose a pre-filing requirement, and denies Debtor's cross-motion for sanctions. An order consistent with this Letter Opinion will be issued.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court also finds that Debtor's cross-motion is entirely meritless and denies it without further discussion.